**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TROY LAMAR SUTHERLAND,

    Defendant - Appellant.

No. 05-6266
(D.C. No. CR-04-79-1-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Troy Lamar Sutherland appeals from his conviction and sentence following a jury verdict finding him guilty of knowingly transporting minors for the purpose of prostitution in violation of 18 U.S.C. § 2423(a) (count I), and knowingly recruiting, enticing and transporting in interstate commerce of minors knowing each would be caused to engage in a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

commercial sexual act in violation of 18 U.S.C. § 1591(a) (count II). The district court sentenced Mr. Sutherland to two concurrent terms of imprisonment of 240 months and two three-year supervised release terms. On appeal, Mr. Sutherland argues that (1) the district court erred by allowing expert law enforcement testimony under Federal Rule of Evidence 702, (2) the district court erred in allowing evidence of uncharged bad acts to be admitted at trial under Federal Rules of Evidence 402, 403 and 404(b), (3) there was insufficient properly admitted evidence to convict Mr. Sutherland, and (4) the district court erred in overruling certain objections to the PSR and improperly considered facts not proven to a jury in violation of the Sixth Amendment. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

The parties are familiar with the facts and we need not restate them here. We do note that we view the facts in the light most favorable to the verdict. On May 5, 2004, a federal grand jury indicted Mr. Sutherland. Prior to trial, Mr. Sutherland filed a motion in limine to exclude the testimony of Andrew Schmidt, a sergeant in the Minneapolis Police Department. Mr. Sutherland argued that the court should exclude Sgt. Schmidt's testimony because it was improper expert testimony under Federal Rules of Evidence 702 and 704(b), and because its probative value was substantially outweighed by its prejudicial effect under

Federal Rule of Evidence 403.  The government explained that it was calling Sgt. Schmidt to testify about the prostitution business, including the relationship between the pimps and prostitutes, the recruitment process, and how the prostitutes become dependent on the pimp.  The district court held a hearing on Mr. Sutherland's motion and concluded that the witness's testimony was relevant but the court instructed the government to "tailor it to this case."  Tr. at 72.

Also prior to trial, the government filed a notice under Rule 404(b) of its intent to admit evidence of Mr. Sutherland's (1) sexual relationship with the minor females, (2) providing them illegal drugs, (3) selling two of the girls to a pimp, (4) taking them to a truck stop for prostitution purposes, and (5) providing them as sexual partners to his friends.  While the government sought to admit these items as direct evidence of the crime, they provided the Rule 404 notice "in an abundance of caution."  R. Doc. 43.  Mr. Sutherland objected to the admittance of this evidence under Rule 404(b), though his counsel conceded that "a lot of this stuff look[ed] like direct evidence rather than [Rule] 404(b) information."  Tr. at 75.  The district court instructed Mr. Sutherland to raise his objections as the evidence came in, and he failed to object to the evidence as it was proffered.  Our standard of review, therefore, is for plain error only.

The probation office calculated Mr. Sutherland's Guidelines Sentence.  Count I and II were grouped, with the highest offense level between the two being used.  The base offense level for both counts was 14.  U.S.S.G. § 2G1.1(a)

(2002). Because the offense involved force, fraud or coercion, a four-level enhancement applied. Another two-level enhancement was added because of the two of the girls were between 12 but not yet 16. Likewise, another two-level enhancement was added because Mr. Sutherland unduly influenced a minor to engage in a commercial sex act. U.S.S.G. § 2G1.1(b)(4)(B). This brought the adjusted offense level to 27. A multiple count adjustment of three-levels applied, U.S.S.G. § 3D1.4, for a combined adjusted offense level of 30.

The Probation Office also concluded that Mr. Sutherland was a career offender, so rather than the lower level calculated at 30, he would have a total offense level of 37 under U.S.S.G. § 4B1.1. PSR at ¶¶ 64-66. With a criminal history of IV, the Guideline range for imprisonment was 360 months to life on count 2 and 180 months on count 1.

Mr. Sutherland objected to the PSR's calculations (1) identifying him as a career offender and (2) to the four-level enhancement for use of force, fraud or coercion. The district court sustained the objection to the enhancement and reduced his offense level by four but overruled his career offender objection so the total offense level remained at 37. The district court determined, however, that the career offender status over-represented Mr. Sutherland's criminal history. Accordingly, the court sentenced Mr. Sutherland to 240 months in prison. Sent. Tr. 22-23; R. Doc. 104. This appeal followed.

## Discussion

### A. Evidentiary Rulings

Our review of a district court's evidentiary rulings is for an abuse of discretion. United States v. Stiger, 413 F.3d 1185, 1197 (10th Cir. 2005). One challenging such a ruling must show that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment. Id. Even where a district court errs in an evidentiary ruling, we must also consider harmless error, i.e., whether the error affected substantial rights and warrants reversal. Id.; Fed. R. Crim. P. 52(a).

We turn first to Mr. Sutherland's challenge to the district court's admittance of Sgt. Schmidt's testimony. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). We will reverse a trial court's decision to admit expert testimony only when that decision is manifestly erroneous. United States v. Dazey, 403 F.3d 1147, 1171 (10th Cir. 2005). "Even if the testimony arguably embraced the ultimate issue, such testimony is permissible as long as the expert's testimony assists, rather than supplants, the jury's judgment." Id. at 1172.

Here, the district court cautioned the government that Sgt. Schmidt's testimony should not get too far afield from the facts of this case. Mr. Sutherland argues that Sgt. Schmidt testified concerning general characteristics of prostitute recruitment and retention, some characteristics which were not present in this case, e.g., use of affection, photographs, chemical dependency, trading

prostitutes, and deprivation of family support. Aplt. Br. at 13. We think it debatable whether some of these factors were at work here. In any case, many of the practices described by Sgt. Schmidt were involved. Narrow tailoring of this testimony is surely best, but we must consider the overall testimony.

The Eighth Circuit has twice allowed Sgt. Schmidt's similar testimony in juvenile prostitution cases and has noted that there is no requirement under Rule 702 that the district court always hold a Daubert hearing. See United States v. Levron Evans, 285 F.3d 664, 669 (8th Cir. 2002); United States v. Monroe Evans, 272 F.3d 1069, 1094 (8th Cir. 2001).[1] The reasoning of that court is instructive. Although the district court did not hold a formal Daubert hearing, it held a hearing on Mr. Sutherland's motion in limine, where it had the opportunity to consider Sgt. Schmidt's qualifications and the helpfulness of his testimony to the jury. This court also has held that a Daubert hearing is not always necessary. United States v. Nichols, 169 F.3d 1255, 1263 (10th Cir. 1999).

We have reviewed that testimony and conclude that the district court did not abuse its discretion. Sgt. Schmidt's testimony about prostitution rings and the relationships between prostitutes and their pimps, from recruitment on, was available for the jury to assess the context and significance of the events that occurred, viz., in assessing many facts that could bear on guilt or innocence.

---

[1] We note also that several other courts have approved similar expert testimony in similar circumstances. See United States v. Long, 328 F.3d 655, 666 (D.C. Cir. 2003); United States v. Taylor, 239 F.3d 994, 998 (9th Cir. 2001).

Similarly, the district court did not abuse its discretion in rejecting the Rule 403 argument that the danger of unfair prejudice to Mr. Sutherland outweighed the probative value of the expert's testimony. Fed. R. Evid. 403.

Turning now to Mr. Sutherland's objections to the "uncharged alleged behavior" under Rules 402, 403 and 404(b), we find his objections are without merit. Mr. Sutherland's counsel basically conceded the evidence was direct evidence rather than Rule 404(b) evidence. Tr. at 75. Our standard of review is for plain error only. Although the district court instructed Mr. Sutherland to raise his objections as the trial went along, those objections were not raised. Plain error must be so egregious as to result in a miscarriage of justice. United States v. Visinaz, 428 F.3d 1300, 1311 (10th Cir. 2005). In order to warrant reversal, Mr. Sutherland must demonstrate that there was "(1) error, (2) that is plain, and (3) that the error affects substantial rights." Id. at 1308. Mr. Sutherland cannot meet that burden here because the evidence was both direct and relevant, and thus the court did not even need to reach its admissibility under Rule 404(b).

B.    Sufficiency of the Evidence

We review de novo the district court's determination that there was sufficient evidence to convict. United States v. Bush, 405 F.3d 909, 919 (10th Cir. 2005). In reviewing the denial of a motion for a judgment of acquittal, we view the evidence in the light most favorable to the government and determine whether there was sufficient evidence from which a jury could find a defendant

guilty beyond a reasonable doubt. <u>United States v. Johnson</u>, 120 F.3d 1107, 1108 (10th Cir. 1997).

Mr. Sutherland asks us to review the record in the absence of the evidence he has challenged above. But this evidence was properly admitted, and thus the district court properly considered it in denying Mr. Sutherland's Rule 29 motion for judgment of acquittal. Regardless, the testimony of M.S. and A.K. was sufficient for a jury to infer that Mr. Sutherland intended to, and did, prostitute all three girls. Viewed in the light most favorable to the government, that testimony revealed, <u>inter alia</u>, that Mr. Sutherland showed the minor girls pictures of prostitutes, dyed their hair blonde, provided them with drugs and clothes suitable for prostitution, told them they would have to "hit the block," had sexual relations with J.M and M.S., prostituted the girls at a truck stop, and forced them to perform sexual acts on his friends. This testimony alone was sufficient for a jury to find Mr. Sutherland guilty.

Mr. Sutherland argues that M.S. testified that Mr. Sutherland displayed no knowledge or intent as charged, and a judgment of acquittal was necessary. We disagree. A reasonable jury could infer from her testimony that Mr. Sutherland's intent was quite clear. Mr. Sutherland also argues that A.K.'s testimony was insufficient because it contradicted her grand jury testimony. Credibility, however, was a determination for the jury.

C.    Sentencing

We review a district court's factual findings in sentencing for clear error and the legal interpretations of the advisory United States Sentencing Guidelines ("Guidelines") de novo.  United States v. Wolfe, 435 F.3d 1289, 1295 (10th Cir. 2006).  We review Mr. Sutherland's objections under United States v. Booker, 543 U.S. 220 (2005), for harmless error.  The record indicates that the district court applied the Guidelines in a advisory fashion, as Booker requires.  Indeed, the district court exercised the afforded discretion to depart downward.  In addition, Mr. Sutherland argues that the district court relied on the context of the overall Stormy Nights investigation to arrive at his sentence, and that these facts were not presented, let alone proven, to the jury.  The record reflects that the district court considered this portion of the PSR to be "important background information" but there is no evidence that these facts influenced the sentencing decision.

Mr. Sutherland presented no objection under Crawford v. Washington, 541 U.S. 36 (2004) to the district court, nor does he argue on appeal how the district court committed plain error in not raising this issue sua sponte.  Merely claiming prejudice is not enough.  He has waived the issue.  See United States v. Solomon, 399 F.3d 1231, 1237-38 (10th Cir. 2005).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge